# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KARL MEYER,

                Plaintiff,

v.

BELINDA SCHRUBBE,
NICOLE KAMPHUIS,
JAMES MUENCHOW,
WILLIAM POLLARD, and
STATE OF WISCONSIN,

                Defendants.

Case No. 13-CV-295-JPS

**ORDER**

      Plaintiff Karl Meyer ("Meyer"), a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. According to the complaint, Meyer, a disabled veteran incarcerated at Waupun Correctional Institution ("WCI"), wears two knee braces and an ankle brace. Defendant Belinda Schrubbe, WCI Health Services Manager, denied the plaintiff's request for a hand-scan while passing through "contraband controls" and instead required him to remove his three leg braces and pass through the metal detector. The plaintiff asked defendant Nicole Kamphuis, WCI Financial Programs Supervisor, to be hand-scanned instead of having to go through the metal detector, but she denied his request, stating that only inmates with indwelling metal get hand-scanned. The plaintiff filed a grievance with the Inmate Complaint Review System. Defendant James Muenchow dismissed his grievance and defendant Warden William Pollard affirmed the dismissal on appeal. In his civil complaint, the plaintiff alleges that the defendants' actions caused him pain, as well as "undo wear-and-tear" on his leg braces. The plaintiff sought to proceed with

claims under Title II of the Americans with Disabilities Act ("ADA" or "Title II") and the Eighth Amendment to the United States Constitution. In an order dated June 11, 2013, this court dismissed the plaintiff's Eighth Amendment claim, but permitted his ADA claim to proceed. (Docket #7).

Presently before the court is a motion to dismiss filed by the defendants. (Docket #12). Plaintiff did not file any briefing in opposition, and the deadline for filing any response has passed. Accordingly, the defendants' motion is ready for resolution.

1. **Legal Standards**

Defendants bring their motion to dismiss under Federal Civil Rule of Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint by asserting that he failed to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), Meyer's complaint must allege facts sufficient to "state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court construes the complaint in the light most favorable to the claimant, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the claimant's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

2. **Discussion**

The defendants' motion proceeds on two alternative grounds. Their main argument is that Meyer fails to state a valid ADA claim for two reasons: (1) because Meyer does not allege that he was excluded from participating in any state programs, and (2) because Meyer's requested accommodation is unreasonable on its face. Alternatively, defendants argue that Meyer's suit should be dismissed as precluded by Eleventh Amendment Immunity.

The court turns first to defendants' argument that Meyer fails to state a claim because he does not allege that he was excluded from participating in any state programs. In support of this argument, defendants cite an unreported case: *Glick v. Walker*, 272 Fed. Appx. 514 (7th Cir. 2008). Unfortunately for the defendants, *Glick* does not support their argument. First, in the section to which defendants cite, the Seventh Circuit affirms dismissal of an ADA claim on the ground that the prisoner plaintiff argued denial of access to a program due to his security status, not due to any disability. 272 Fed. Appx. at 521. As the panel notes, that plaintiff "pleaded himself out of court" in discussing his security status and not his disability. The issue before the Seventh Circuit was entirely different, thus distinguishing the case from Meyer's claims. Second, the case does not support defendants' argument that the *only* way to state a claim under the ADA is to allege exclusion from a state program. While the facts of the *Glick* case dealt with exclusion from a state program, the ADA provides a cause of action for a qualified individual with a disability who is, "by reason of such disability, [ ] excluded from participation in or [ ] denied the benefits of the services, programs, or activities of a public entity, or [ ] subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statutory language is broad, and encompasses several types of discrimination claims. Alleging exclusion from a state program is sufficient, but not necessary, to state a claim under the ADA. Indeed, to succeed on his a claim under the ADA, the plaintiff may establish that he was "subjected to discrimination." *See Frame v. City of Arlington*, 575 F.3d 432, 435 (5th Cir. 2009); *Culvahouse v. City of LaPorte*, 679 F. Supp 2d 931, 937 (N.D. Ind. 2009). This discrimination "may be established by evidence that (1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable

modification, or (3) the defendant's rule disproportionally impacts disabled people." *Washington v. Indiana High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir.1999). Plaintiffs claims that the jail's metal detector policy discriminates against him due to his disability, coupled with his claims that the defendants would not reasonably modify the policy to accommodate him, are sufficient to state a claim under the ADA.

Defendants next argue that Meyer fails to state a claim under the ADA because his requested accommodation is unreasonable on its face. A requested accommodation to modify a rule is unreasonable when it is "so at odds with the purpose behind the rule that it would be a fundamental and unreasonable change." *Wisc. Comty. Svcs., Inc. v. City of Milwaukee*, 465 F.3d 737, 752 (7th Cir. 2006). Defendants argue entitlement to dismissal based upon their claim that the metal detectors are in place to check for contraband, and citing one New York State case about an inmate who secreted contraband in his knee brace. Because the inquiry of whether an accommodation is reasonable is "highly fact-specific" and "requires balancing the needs of the parties," *Oconomowoc Residential Programs v. City of Milwaukee*, 300 F.3d 775, 784 (7th Cir. 2002), the court will not grant the defendants' motion to dismiss at this time, when the factual record is undeveloped. The court completely lacks relevant information, such as the type of braces Meyer wears, and the efficacy of detecting contraband that may be concealed in the braces using the hand scanners. Construing Meyer's complaint in a light most favorable to him, and drawing all reasonable inferences in his favor, the court concludes that Meyer's complaint is sufficient to proceed, defendants' argument regarding the reasonableness of

Meyer's requested accommodation notwithstanding. Defendants' motion to dismiss will be denied on this point.

Defendants' final argument seeks dismissal based on Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). Three principal exceptions exist: (1) valid Congressional abrogation of the states' immunity; (2) state waiver of immunity or consent to suit; and (3) the *Ex Parte Young* doctrine, whereby a plaintiff can sue individual state officials for prospective relief to enjoin ongoing violations of federal law. *Council 31 of the Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). Whether Title II of the ADA was a valid Congressional abrogation of state immunity is unsettled, and it remains "an open question whether state officers are immune to suits under [the ADA]." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (*citing United States v. Georgia*, 546 U.S. 151, 158-59 (2006)). In *United States v. Georgia*, the United States Supreme Court established a three-part analytical framework for district courts considering Title II cases involving potential sovereign immunity. 546 U.S. at 159. As the Court instructed, a trial court should assess, on a claim-by-claim basis:

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.* This framework begs the question of whether a determination of misconduct under Title II must precede the sovereign immunity analysis. While this question is unanswered in the Seventh Circuit, other Circuits have determined that a plaintiff's Title II claim must be resolved on its merits prior to consideration of any claims of sovereign immunity. *Bowers v. NCAA*, 475 F.3d 524, 553 (3d Cir. 2007); *Buchanan v. Maine*, 469 F.3d 158, 172-73 (1st Cir. 2006). Recently, the Fifth Circuit also adopted that order of analysis, citing the principle of constitutional avoidance. *Hale v. King*, 642 F.3d 492, 504 n.38 (5th Cir. 2011) (*quoting Lying v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.")) Concurring that judicial restraint on this issue is appropriate, especially given the facts and circumstances of this particular case and the aforementioned paucity of facts on the record, the court will not grant the defendants' motion to dismiss on the grounds of sovereign immunity at this time. The court will instead consider the implications of sovereign immunity should Meyer prevail on his Title II claims when resolution of the constitutional issue rises to necessity.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge